IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Hartman et al, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No.: 5:20-cv-00503-SLP |
| v. | ) |
| | ) |
| Harold Hoehner, Jr., et al, | ) Jury Demanded |
| | ) |
| Defendants. | ) |

**JOINT MOTION TO APPROVE THE SETTLEMENT**

Mike Hartman ("**Hartman**"), Noah Guerrero ("**Guerrero**"), Lance Heger ("**Heger**") and Nick Reed ("**Reed**"), each a "**Plaintiff**" and collectively "**Plaintiffs**", together with Harold Hoehner, Jr. ("**Hoehner**") and Hoehner's Technical Services, Inc. ("**HTS**"), each a "**Defendant**" and collectively "**Defendants**," file this Joint Motion to Approve the Settlement (the "**Motion**").

### I. BACKGROUND

This case was brought under the Fair Labor Standards Act ("**FLSA**") and the New Mexico Minimum Wage Act ("**NMMWA**"). Plaintiffs, oil field electricians, were classified as independent contractors, paid hourly and not paid overtime for hours worked over 40 per week. Plaintiffs brought this suit arguing that they were employees, not independent contractors and thus owed unpaid time and one half for all hours worked over 40 per week. Defendants deny the Plaintiffs should be classified as employees. The parties

have resolved the case and now request that the Court approve the settlement they have reached.[1] The total settlement amount is $350,000.

This case was filed in May of 2020. The parties initially engaged in extensive paper discovery after which the parties participated in a settlement conference with Magistrate Judge Purcell on March 23, 2021 (the "**Settlement Conference**"). *See* Doc. No. 37. At the end of the Settlement Conference, and without suggesting a conclusion on the merits of the dispute, Magistrate Judge Purcell proposed that the Parties agree on a gross settlement in the amount of $240,000. The case did not settle at that time.

After the settlement conference both sides' attorneys continued to work on the case as it moved towards the trial docket date of August 10, 2021. *See* Doc. No. 35. The parties continued to engage in written discovery and during the week of April 5-9, Defendants took the deposition of each of the Plaintiffs. The depositions of Defendants were preliminarily scheduled for May 27, 2021. The dispositive motion deadline was June 1, 2021.

Prior to the depositions of Defendants, the parties agreed on a settlement.

Each individual Plaintiff and the Defendants now seek approval of each of four proposed settlements ("**Proposed Settlements**") evidenced by the settlement agreements set forth at Exhibits 1 through 4 (each a "**Settlement Agreement**" and collectively "**Settlement Agreements**"). Each Settlement Agreement sets forth the payments to be made to each Plaintiff and the attorneys' fees to be paid to counsel for representation of

---

[1] Plaintiffs dismissed Cactus from this case on May 19, 2021. *See* Doc. No. 53. Thus, only Hoehner and HTS are party to and participated in the settlement negotiations evidenced by the settlement agreements for which the Plaintiffs and Defendants now seek Court approval.

each such Plaintiff. These amounts represent a reasonable settlement of Plaintiffs' overtime claims and a reasonable settlement of the costs and attorneys' fees involved. *See* Exh. 1-4.

## II. ARGUMENTS AND AUTHORITIES

### A. Applicable Law

"A settlement of claims under the FLSA must be presented to the Court for review and determination of whether the settlement is fair and reasonable." *See* Doc. No. 50; *see also Wisneski et al v. Belmont Mgmt. Co., Inc.,* No. 2:19-CV-2523-JAR, 2021 WL 1999094, at *1 (D. Kan. May 19, 2021)(citing *Peterson v. Mortg. Sources Corp.*, No. 08-2660-KHV, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011) (citation omitted)). "To approve an FLSA settlement, the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned." *Id.* (internal quotations and citation omitted). "The Court may enter a stipulated judgment only after scrutinizing the settlement for fairness." *Id.* (internal quotations and citation omitted). "The settlement agreement must also contain an award of attorneys' fees." *Id.* (citing 29 U.S.C. § 216(b))(additional citation omitted).

In the Tenth Circuit, courts consider the following factors in determining whether a proposed settlement is fair, reasonable, and adequate: "(1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after

protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable." *Montgomery v. Cont'l Intermodal Grp.-Trucking LLC*, No. 19-940 GJF, 2021 WL 1339305, at *9–10 (D.N.M. Apr. 9, 2021)(citing *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002)).

### B. The Proposed Settlements meet the 10th Circuit's fairness test and therefore should be approved.

#### 1. The Proposed Settlements were fairly and honestly negotiated.

The Proposed Settlements were the product of arms-length negotiations between experienced employment counsel well-versed in the legal and factual issues presented by this case. Each party was represented by competent counsel who conducted the litigation vigorously and professionally. The parties participated in the Settlement Conference and were informed by comments from the Magistrate Judge.

#### 2. There were serious questions of law and fact that existed, placing the ultimate outcome of the litigation in doubt.

Whether the Plaintiffs should have been classified as employees involves a multi-part test regarding the economic realities of whether Plaintiffs were in business for themselves. *Acosta v. Jani-King of Oklahoma, Inc.,* 905 F.3d 1156, 1159 (10th Cir. 2018); *Baker v. Flint Eng'g & Constr. Co.,* 137 F.3d 1436 (10th Cir. 1998). Both sides believed that the facts support their respective positions. Thus, serious questions of law and fact regarding the merits of Plaintiffs' claims and Defendants' defenses place the ultimate outcome of the litigation in doubt.

3. **The value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation.**

As with all litigation the receipt of a sum certain must be weighed against the possibility of no recovery after protracted litigation. The Plaintiffs choose the sum certain.

4. **The judgment of the parties is that the Proposed Settlements are fair and reasonable.**

The recovery of greater than the amount proposed by the Magistrate Judge at the settlement conference is fair and reasonable and allows the Plaintiffs to recover an amount greater than their unpaid overtime for the two-year statute of limitations and additionally have their costs and attorneys' fees paid.

### III. Conclusion

The parties respectfully request that the attached Proposed Settlements be approved, and the case dismissed with prejudice.

Respectfully submitted:   By:   */s/ Chris R. Miltenberger*

Chris R. Miltenberger
TX Bar No. 14171200
**The Law Office of Chris R. Miltenberger, PLLC**
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Victor Wandes
**Paramount Law**

    1303 East 33rd Street
    Tulsa, OK 74105
    (918) 200-9272 voice
    (918) 895-9774 fax
    victor@paramount-law.net

Counsel for Plaintiffs Mike Hartman, Lance Heger, Noah Guerrero and Nick Reed

-and-

By:    /s/ Andre' Caldwell

Andre' Caldwell, OBA #22092
Lori Winland, OBA #32159
**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
621 N. Robinson Ave, Suite 400
Oklahoma City, Oklahoma 73102
andre.caldwell@ogletree.com
lori.winland@ogletree.com

Counsel for Defendants Harold Hoehner, Jr., and Hoehner's Technical Services, Inc.

### Certificate of Service

The undersigned certifies that on June 2, 2021, the foregoing document was filed with the Court using the electronic filing system.

By:    /s/ Chris R. Miltenberger
        Chris R. Miltenberger